UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JANICE WOLGAST, | ) | |
| | ) | |
| Plaintiff, | ) | No. 23 CV 699 |
| | ) | |
| vs. | ) | Judge Steven Seeger |
| | ) | Magistrate Judge Heather McShain |
| NORTHWESTERN MEMORIAL | ) | |
| HEALTHCARE | ) | Jury Demand |
| | ) | |
| Defendant. | ) | |

## JOINT INITIAL STATUS REPORT UNDER RULE 26(f)

The parties have conferred, and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

**I.     Nature of the Case**

    **A.     Identify the attorneys of record for each party. Note the lead trial attorney and any local counsel.**

    For Plaintiff:

    Michael T. Smith—*Lead Trial Attorney*
    Michael T. Smith & Associates
    10 N. Martingale Road
    Suite 400
    Schaumburg, IL 60173
    Msmith39950@aol.com

    For Defendant:

    Craig R. Thorstenson—*Lead Trial Attorney*
    Becky L. Kalas
    FordHarrison LLP
    180 N. Stetson Avenue
    Suite 1660

Chicago, IL 60601
cthorstenson@fordharrison.com
bkalas@fordharrison.com

B. **State the basis for federal jurisdiction.**

The basis for federal jurisdiction is: 28 U.S.C. §§1331 and 1343.

C. **Provide a short overview of the case in plain English (five sentences or less).**

Plaintiff claims that Defendant terminated her employment because she refused the COVID-19 vaccine.

D. **Describe the claims asserted in the complaint and the counterclaims and/or third-party claims and/or affirmative defenses.**

- Plaintiff brings one count of religious discrimination for failure to accommodate under Title VII of the Civil Rights of 1964, 42 U.S.C. § 2000e-2 et seq. ("Title VII").

- Defendant has not yet answered the Complaint and there have been no counterclaims filed at this time.

E. **What are the principal factual issues?**

- Whether Plaintiff's submissions established that she had sincerely held religious beliefs that precluded her from receiving a COVID-19 vaccination.

- Whether the Parties engaged in an interactive process in compliance with Title VII.

- Whether the Defendant undertook the religious exemption process in good faith.

- Whether Defendant's actions were taken in a good faith effort to comply with the Centers for Medicare & Medicaid Services' November 5, 2021

2

mandate concerning COVID-19 vaccination of heath care staff (the "CMS Mandate"), which only allowed Defendants to grant legally required exemptions.

- Whether Plaintiff has mitigated, or has attempted to mitigate, any damages.
- Whether granting a request for exemption would have resulted in an undue hardship under the facts and circumstances applicable to Plaintiff, even if Plaintiff established a sincerely held religious belief that precluded Plaintiff from receiving a COVID-19 vaccination.

F. **What are the principal legal issues?**

- Whether Defendant violated Title VII of the Civil Rights Act of 1964.
- Whether Defendant discriminated against Plaintiff on the basis of her religious beliefs.
- Whether Defendant's adherence to the CMS Mandate concerning COVID-19 vaccination of health care staff precludes liability.
- Whether Defendant's determination that Plaintiff's individualized submission did not state a basis that would allow Defendant to grant an exemption under the CMS Mandate and the particular facts and circumstances is subject to review.
- Whether Plaintiff has suffered any damages under Title VII.

G. **What relief is the plaintiff(s) seeking? Quantify the damages, if any.**

Plaintiff is seeking reinstatement or, alternatively, front pay in the amount of $95,000,00; damages, including loss of pay and benefits in the amount of  due to

the defendant's willful conduct; attorneys' fees and costs incurred in this action; and such other relief as is just and equitable.

**H.** **Have all of the defendants been served, or waived service of process? If not, identify the defendants that have not received service.**

Defendant Northwestern Memorial Healthcare, the sole Defendant in this case, waived service on February 10, 2023.

**II.** **Discovery**

    **A.** **Propose a discovery schedule.**

- Initial disclosures to be served on or before June 7, 2023.

- Amendment of pleadings no later than October 31, 2023.

- Service of process on any "John Doe" defendants no later than October 31, 2023.

- All fact discovery to be completed by January 31, 2024.

- The parties do not currently anticipate the need for experts in this matter and request that the Court set a schedule for expert discovery, if needed, at or near the close of fact discovery.

- The parties request that the Court set a schedule for dispositive motions, if needed, at or near the close of fact discovery.

| Event | Deadline |
|---|---|
| Amendment to the pleadings | October 31, 2023 |
| Service of process on any "John Does" | October 31, 2023 |
| Completion of Fact Discovery | January 31, 2024 |
| Disclosure of Plaintiff's Expert Report(s) | The parties do not currently anticipate that they will utilize experts in this case, and |

4

| | |
|---|---|
| Deposition of Plaintiff's Expert | respectfully request that a schedule for expert discovery be set at or near the close of fact discovery. |
| Disclosure of Defendant's Expert Report(s) | |
| Deposition of Defendant's Expert | |
| Dispositive Motions | The parties request that the Court set a schedule for dispositive motions at or near the close of fact discovery. |

B. **How many depositions do the parties expect to take?**

Plaintiff expects to take 1-2 depositions.
Defendant expects to take 1-2 depositions.

C. **Do the parties foresee any special issues during discovery?**

The parties do not foresee any special issues at this time.

D. **Discovery Plan.**

The Parties have discussed a discovery plan, including all of the topics required by Rule 26(f)(3), and make the following proposals:

- The parties anticipate taking discovery in this matter on the fact issues outlined above, including issuing interrogatories and requests for production, as well as taking depositions of the named parties and Defendant's corporate representatives. The parties do not currently anticipate that they will need expert discovery, but will advise the Court during fact discovery if expert discovery will be needed.

- That Rule 26(a)(1) initial disclosures be exchanged on or before June 7, 2023.

- The Parties anticipate that they will seek entry of a Confidentiality Order in this matter, and will utilize the Northern District of Illinois' model order with some modification per the Parties' discussions.

5

- The Parties will address any agreement regarding Federal Rule of Evidence 502 and other matters regarding post-production assertions of privilege in the Confidentiality Order.

- The Parties have conferred with respect to ESI and, at this time, have agreed that documents will be produced as hard copies or as .pdf files.

## III. Trial

### A. Have any of the parties demanded a jury trial?

Plaintiff has demanded a jury trial.

### B. Estimate the length of trial.

The parties estimate that the trial in this case will take 4 days.

## IV. Settlement, Referrals, and Consent

### A. Settlement discussions.

Plaintiff provided a written settlement demand to Defendants on February 28, 2023. Defendant responded and made a counter-offer to Plaintiff in writing on March 10, 2023. The parties will continue to discuss settlement.

### B. Settlement conference.

The parties are not currently requesting a settlement conference but will advise the Court if they believe a settlement conference might be productive.

### C. Consent to Magistrate Judge for all purposes.

Counsel have informed their respective clients about the possibility of proceeding before the assigned Magistrate Judge for all purposes in this case. The parties do not unanimously consent to proceed before the Magistrate Judge for all purposes.

## V. Other

### A. Is there anything else that the plaintiff(s) wants the Court to know? (Please be brief.)

No

**B.     Is there anything else that the defendant(s) wants the Court to know? (Please be brief.)**

No.

Dated: April 21, 2023

Respectfully submitted by:

| COUNSEL FOR PLAINTIFF | COUNSEL FOR DEFENDANT |
|---|---|
| s/ Michael T. Smith | /s/ Becky L. Kalas |
| Michael T. Smith | Becky L. Kalas |
| Law Offices of Michael T. Smith & Associates, PC | FordHarrison LLP |
| 10 Martingale Road, Suite 400 | 180 N. Stetson, Suite 1660 |
| Schaumburg, Illinois 60173 | Chicago, IL 60601 |
| Phone: 847-466-1099\ | (312) 960-6115 - Telephone |
| msmith39950@aol.com | (312) 332-6130 – Facsimile |
| | bkalas@fordharrison.com |